944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dennis Reed GRENEMYER, Petitioner-Appellant,
v.
Frank GUNTER, Duane L. Woodard, Attorney General of the
State of Colorado Respondents-Appellees.
 No. 91-1215.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 13, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from the denial of a motion for sanctions under Fed.R.Civ.P. 11. After reviewing the record and the briefs of the parties, appellant's motion for leave to appeal without prepayment of costs is GRANTED, and the judgment of the district court is AFFIRMED substantially for the reasons contained in its order of May 24, 1991.[1]
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Appellant argues the district court did not deal with his motion for sanctions against "Appellees." While parties are subject to Rule 11 sanctions, Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 111 S.Ct. 922 (1991), the only persons named as respondents in the original petition were Frank Gunter and former Attorney General Duane Woodard. There is no indication in the record that either made the representations which were relied upon by counsel for the respondents or that they personally made false statements to the district court. Petitioner's only "evidence" in support of his Rule 11 motion was hearsay contained in a newspaper article. The district court properly disregarded that hearsay. Fed.R.Evid. 802